LAWRENCE-LYNCH CORP. *vs.* DEPARTMENT OF ENVIRONMENTAL MANAGEMENT. December 22, 1983. *Contract,* Public works, Modification.

The defendant appeals from a judgment for the plaintiff entered in the Superior Court after trial before a judge sitting without jury. We summarize the facts as taken from the judge's findings. As a result of a contract entered into with the defendant, the plaintiff agreed to perform certain construction work, including the reconstruction of three to four hundred feet of sea wall on Gallops Island in Boston harbor. The contract specified that material to be used for fill in the restoration of the sea wall must be taken from an area adjacent to it, within the intertidal zone. After work started on the project, a dispute arose concerning the source of the material to be used as fill. The plaintiff contended that the material located in the intertidal zone was not suitable for use as fill and that suitable material should be obtained from other sources. The defendant disagreed and insisted that the material be taken from the source specified in the contract. The impasse between the parties continued until the second week of June, 1980. At that point the defendant through its agent, Lawrence Lang, orally authorized the plaintiff to obtain the fill from a site approximately 600 yards from the area specified in the contract. The contract specifically provided in several places that approval for extra work must be obtained from the defendant in writing. Such a requirement is also to be found in G. L. c. 30, § 39I, which was incorporated into the contract. The defendant appeals from a judgment for the plaintiff claiming that the judge erred in ruling that the defendant waived the requirement of written approval. We affirm.

If a contractor performs extra work or incurs added expense on a public construction contract it must follow the procedures outlined in the contract before unilaterally accruing costs and expenses, or show that the public agency has waived or excused compliance with the terms of the contract. *Glynn* v. *Gloucester,* 9 Mass. App. Ct. 454, 460-461 (1980). In addition, if the claim arises from the contractor's wilful and substantial deviation from the plans and specifications, the contractor must show that there was compliance with G. L. c. 30, § 39I. *Glynn* v. *Gloucester,* 9 Mass. App. Ct. at 461. The trial judge's finding and conclusion that the defendant, through its agent, waived the provisions of the contract that

required written authorization for extra work is supported by the evidence. The contract gave the architect the right to decide "all questions which may arise as to the interpretation of the plans and specifications and as to the fulfillment of [the] contract on the part of the [c]ontractor." The contract also stated that the word "architect" "is used as synonymous with the word '[e]ngineer.'" Lang was designated by the defendant as the project engineer under the contract. As engineer he had authority to waive that provision of the contract which stated that authority for extra work must be in writing. The evidence demonstrated that "there was clear, decisive, and unequivocal conduct on the part of an authorized representative of the agency indicating that it would not insist on adherence to the agreement." *Glynn* v. *Gloucester,* 9 Mass. App. Ct. at 462.

The defendant contends that, even if Lang had the authority to waive the provisions of the contract, he could not waive the requirements of G. L. c. 30, § 39I. That statute, which was incorporated into the contract, states that there cannot be any wilful and substantial deviation from the project's plans and specifications unless authorized in writing by the awarding authority. The judge made no mention of the statute in his findings or conclusions. The defendant indicates in its brief that there was no substantial deviation from the plans and specifications. In view of the position taken by the defendant, we hold that G. L. c. 30, § 39I, does not apply to the plaintiff's claim. See *Glynn* v. *Gloucester,* 9 Mass. App. Ct. at 461. The other contentions of the defendant are without merit.

*Judgment affirmed.*

*Christopher H. Worthington,* Assistant Attorney General, for the defendant.

*Edward W. Kirk* for the plaintiff.